IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACEY FLETCHER, # 186876, | : | |
|    Plaintiff, | : | |
| vs. | : | CIVIL ACTION 16-544-KD-N |
| WARDEN CYNTHIA STEWART, | : | |
|    Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Tracey Fletcher, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Fletcher's claims fail to state a claim upon which relief may be granted.

**I.  Complaint.**  (Doc. 1).

In the complaint, Fletcher names one defendant, Cynthia Stewart, Warden of Fountain Correctional Center ("Fountain"). (Doc. 1 at 5). Due to the complaint's brevity, it is being set out in its entirety.

> Inmate Tracey Fletcher #186876 was sent back from Loxley CWC because a child support warrant. (No dis[ci]plinary)  I get to GK Fountain, they directly put me in a dis[ci]plinary cell, this in June, they keep me in this harsh condition of a cell, for almost a month[.]  Then, they come with a custody change.  As I repeat, I have no dis[ci]plinary, so I shouldn't be[] in a dis[ci]plinary cell from jump! Or got a custody

>change, while I'm in the hot cell, they are denying my right
>to access the courts. I also feel my [c]onstitution[al] rights
>and Human Rights were violated!

(Id. at 4). For his specific claims against defendant Stewart, he charges her with a "violation of Alabama Dept. of Corrections Employee Standards of Conduct (e.g., ADOC Administrative Regulation #208, Sec., V; c(5). "[1] (Id. at 5). The facts that he offers to support this claim are: "In June on about 20th, in a dis[ci]plinary cell, the hot cell." (Id.). For relief, Fletcher requests $100,000 and wants defendant Stewart's job and retirement benefits. (Id. at 7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Fletcher is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which

---

[1] This regulation on the Alabama Department of Corrections' website provides: "Employees shall **not**: . . . Abuse inmates in any manner." AR 208, Aug. 17, 2005; www.doc.state.al.us/Regulations.aspx.

[2] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

2

relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 566 U.S. 662. The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Id. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

    **A. Application of Respondeat Superior.**

In pleading his complaint, Fletcher named only one defendant, Cynthia Stewart. But in his allegations, he does not refer to Stewart's involvement. Fletcher, more or less, vents his grievances and adds Stewart's name to the complaint. However, in a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of his constitutional rights in order to state a claim upon which relief may be granted. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982), cert. denied, 464 U.S. 932 (1983).

Because Stewart is the warden, and therefore in a supervisory capacity, establishing liability can be more complicated in a § 1983 action. One way to state a claim against a supervisor in a § 1983 action is through the supervisor's personal involvement. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Fletcher's allegations, however, do not show any personal involvement by Stewart in his claims.

A liberal construction of the allegation contained close to her name on the form indicates that he possibly may want to hold her responsible for his placement in a disciplinary cell that was hot on June 20th. (Doc. 1 at 5). But there is no indication that she is the one who placed him in the cell, that she knew he was in the cell, and that she knew the cell was hot. See GJR Investments, 132 F.3d at 1369 (holding a court cannot rewrite an allegation to sustain a cause of action for a plaintiff).

Fletcher's allegations did not show that Stewart placed him in the cell due to a pleading failure on his part or because a subordinate of Stewart's placed him in the cell.

In the event that a subordinate of Stewart's placed him in the cell, Stewart cannot be held responsible in this § 1983 action for the subordinate's actions solely under the theory of respondeat superior or vicarious liability.  Cottone, 326 F.3d at 1360; see Monell v. Department of Social Servs., 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (ruling that in a § 1983 action the city could not be held liable either vicariously or under the theory of respondeat superior for the acts of an employee).

Liability against a supervisory official, however, can be established in other ways by showing "a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013).  A causal connection is demonstrated when "the supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone, 326 F.3d at 1360.  Or a causal connection can be shown when the supervisor is on notice based on a history widespread abuse and then fails to act.  Id.  "The standard by which a supervisor is held liable in [his or her] individual capacity for the actions of a subordinate is extremely rigorous."  Id. at 1360–61.  Considering these other ways to hold a supervisor liable, Fletcher's allegations are not consistent with those ways to impose liability against a supervisor.  For these reasons, Fletcher's complaint does not state a claim against defendant Stewart.

**B. Substantive Claims Fail to State a Claim upon Which Relief Can Be Granted.**

Moreover, the substantive allegations of Fletcher's claims, i.e., transfer from work release to Fountain without a disciplinary, placement in segregation for a month without disciplinary, receiving a custody change without having a disciplinary

conviction, being denied his right of access to courts, and being in a hot cell, are vague claims with no supporting facts to demonstrate that a constitutional right was impacted. See, e.g., Sandin v. Conner, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 318 (1995) (holding mere confinement to disciplinary segregation was a type of discipline that an inmate should expect as an incident to his criminal sentence because it is only the imposition of an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life that is actionable).

The decision in Sandin , 515 U.S. 472, 115 S.Ct. 2293, held that an inmate who was placed in segregation for thirty days did not possess a liberty interest to which due process attached, and thus, the procedural protections of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), did not apply to the disciplinary hearing. Id. at 487, 115 S.Ct. at 2302.  The Sandin Court held that a liberty interest in the future "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, .... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484, 115 S.Ct. at 2300.

As a consequence, the Sandin decision compels the courts to examine the conditions to where an inmate is moved. Ragland v. Watson, 2007 WL 1651107, at *5 (M.D. Ala.), adopted and modified, 2007 WL 1651103 (M.D. Ala. 2007) (unpublished). "An inmate removed from a work-release program ... and transferred to ... prison does not possess a protected liberty interest in remaining in work release, because confinement within the prison walls constitutes an ordinary incident of prison life.  It is not atypical." Ford v. Alabama Dep't of Corrs., 2014 WL 1338501, at *4 (M.D. Ala. 2014) (unpublished);  see Ragland, 2007 WL 1651107, at *5; see also Meachum v. Fano, 427

U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (holding the transfer of an inmate to another institution even to an institution with more disagreeable conditions does not violate the Constitution); Montanye v. Haymes, 427 U.S. 236, 243, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976) (holding that no violation of the Constitution occurred as "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution").  Thus, based on Fletcher's allegations, his removal from work release and return to an institution did not violate the Constitution.  And, like the inmate in Sandin, confinement to segregation for a month did not impact a liberty interest and, therefore, a disciplinary hearing was not required.  Sandin, 515 U.S. at 487, 115 S.Ct. at 2302.

Fletcher also complains that he was reclassified.  An inmate, however, "has no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison."  Kramer v. Donald, 286 F. App'x 674, at **1 (11th Cir. 2008) (unpublished) (citing Meachum, supra; Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976)).

Furthermore, Fletcher claims that he was denied access to courts.  He did not identify the lawsuit in which he was injured by the denial of access to courts, nor did he identify the impediment that caused him to be denied access to courts.  Fletcher simply asserts the conclusion that he was denied access to courts.[3]  Thus, Fletcher failed to state

---

[3] Fletcher filed another § 1983 action for denial of access to courts, Fletcher v. Cunningham, CA No. 16-505-KD-N (S.D. Ala. pending), which has been recommended for dismissal, pursuant to 28 U.S.C. § 1915(e)(2)B)(i), as frivolous. (Doc. 15).  In that action, Fletcher complained that he was unable to challenge an Indiana child-support proceeding, which the Court determined not to be one of the actions in which a claim for denial of access to courts could not arise.  (Id. at 5-6).

7

claim upon which relief can be granted.  Lewis v. Casey, 518 U.S. 343, 353-54, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996) (finding that an inmate is required to demonstrate that he has been frustrated or impeded in pursuing a nonfrivolous, direct appeal challenging his conviction, habeas petition, or civil rights action implicating a basic constitutional right).  For these reasons, Fletcher failed to state a plausible claim for denial of access to courts.

In addition, Fletcher complains about a hot cell in which he was placed for a month beginning on June 20th.  This is the extent of the information contained in his complaint about this claim.  No information was provided in his allegations about the temperature in the cell in the morning or evening, whether the cell was ventilated, how the unit in which the cell was located was cooled, whether he had water in his cell, whether showers were available, and what injury he sustained on account of his hot cell.

To state a claim for an Eighth Amendment, inhumane condition- of-confinement claim, an inmate must satisfy an objective component and a subjective component. Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 1983, 128 L.Ed.2d 811 (1994).  The objective component requires the Court to look to "contemporary standards of decency" to determine whether the challenged condition resulted in a deprivation of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981), or of a "single human need[.]"  Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).  Moreover, the challenged condition must be "extreme . . . [b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently

grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992); see Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) ("If prison conditions are merely restrictive and even harsh, they are part of the penalty of that criminal offenders pay for their offenses against society."). To be extreme the challenged prison condition must "pose[] an unreasonable risk of serious damage to the prisoner's health or safety." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). Thus, Fletcher's simple allegation that his cell is hot is insufficient for stating a claim under § 1983, as it does not convey that the heat was an extreme condition that posed an unreasonable risk of injury to his health.

### C. Alternative Basis to Dismiss Action, 42 U.S.C. § 1997e(e).

#### 1. Applicable Law.

Notwithstanding the foregoing deficiencies, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). An affirmative defense, which is applicable to Fletcher's complaint, is created by 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." Douglas, 535 F.3d at 1321. This statute creates s an alternate basis for the dismissal of Fletcher's action.

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]" Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). This section is "[r]ead as a limitation on recovery only[.]"

9

Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000). By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" id. at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" id. at 1289, and nominal damages. Brooks v. Warden, 800 F.3d 1295, 1307-09 (11th Cir. 2015).

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). The statute encompasses all claims with no exceptions being provided. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011) (holding no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally). Nor does the mental or emotional injury need to be pled in order for the statute to be applicable. Id. at 1197 & n.5 (holding otherwise a prisoner's pleading or not pleading of mental or emotional injury would achieve talismanic importance and lead to illogical results). In order to avoid dismissal under § 1997e(e), a prisoner's claim "must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002).

  **2. Application of Law to the Facts.**

In the present action, Fletcher filed this action while he was incarcerated and requested $100,000 and Stewart's job and retirement benefits. (Doc. 1 at 7). Fletcher's

request for Stewart's job is construed as a request for Stewart's termination.  This is an inappropriate request because the federal court does not involve itself with an employee's relationship with the employer.  See Newman v. Alabama, 559 F.2d 283, 288 (5th Cir.),[4] cert. denied, 438 U.S. 915 (1978) ("[F]ederal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."); Harris v. Whitehead, 2007 WL 2300964, at *1 (M.D. Ala. Aug. 8, 2007) (unpublished) (holding the federal court had no authority to discharge prison officials as that decision was for the supervisors to make).  And Fletcher's request for Stewart's retirement benefits is considered to be an additional request for monetary damages.

      Turning to Fletcher's request for monetary damages, he did not specify the type of monetary damages that he was seeking, but considering the large amount coupled with his request for Stewart's retirement benefits, his request appears to be in the nature of a request for compensatory or punitive damages.  That is, $100,000 is inconsistent with a nominal damages request.  See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (holding nominal damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) (holding $1 is the norm for nominal damages); Harrison v. Myers, 2011 WL 3204372, at *7 (S.D. Ala. 2011) (finding the prisoner's request of $2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, 2010 WL 4916716, at *4 (D. N.J. 2010) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); Qualls v.

---

[4] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

11

Santa Rosa Cty. Jail, 2010 WL 785646, at *3 n.1 (N.D. Fla. 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages").

In order for his claim for compensatory or punitive damages to proceed, Fletcher must demonstrate that he suffered a physical injury greater than de minimis. Harris, 190 F.3d at 1287. Otherwise, in the absence of him having demonstrated a physical injury greater than de minimis, § 1997e(e) bars his damages claims. Logan v. Hall, 604 F. App'x 838, 840-41 (11th Cir. 2015) (finding that being subjected to additional close management and disciplinary confinement did not satisfy the physical injury requirement and thus the inmate failed to allege a claim for compensatory or punitive damages); Stephenson v. Ellis, 2013 WL 1197723, at *2 (N.D. Fla. 2013) (unpublished) (finding that § 1997e(e) barred the claim for compensatory and punitive damages based on the disciplinary proceeding because no physical injury was alleged); Quigley v. Kerley, 2001 WL 273253, at *4 (M.D. Fla. 2001)(finding that in the absence of an injury being connected to the hot shower and cold cell, 42 U.S.C. § 1997e(e) barred the conditions of confinement claim); Baze v. Parker, 2011 WL 5974534, at *3 (W.D. Ky. 2011)(finding that 42 U.S.C. § 1997e(e) bars the plaintiff's claim for being placed in a feces-strewn, hot cell (over 80 degrees) as no physical injury connected to the cell's conditions was alleged); Lucas v. Nichols, 181 F.3d 102, at *1-2 (6th Cir. 1999) (unpublished) (affirming the dismissal pursuant 42 U.S.C. § 1997e(e) of the prisoner's claim based on a hot cell, among other things, because no physical injury was connected to the cell's conditions).

Because Fletcher has not alleged a physical injury, and has requested

compensatory or punitive damages in the amount of $100,000 plus Stewart's retirement benefits, 42 U.S.C. § 1997e(e) bars this action.  Therefore, this action is due to be dismissed without prejudice pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  Harris, 216 F.3d at 980 (holding that dismissal of an action pursuant to § 1997e(e) is to be without prejudice).

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Fletcher's claims fail to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 22nd day of February, 2017.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**